UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THE ESTATE OF WILLIAM ZACKARY HARVEY, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  CV423-064 |
| ROY W. MINTER, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

After Plaintiffs filed their First Amended Complaint, doc. 26, Defendants filed a partial Motion to Dismiss, doc. 33. Consistent with the Court's instructions during a status conference, *see* doc. 34 (Minute Entry), the parties have filed a Joint Request to Conduct Limited Discovery. Doc. 37. The submission includes the Parties' Proposed Agreement for Limited Discovery, which demonstrates a commendable effort by the parties to work together to define the scope of discovery pending the Defendants' partial Motion to Dismiss. *See* doc. 37-1. Their request to conduct limited discovery consistent with the terms of their agreement at doc. 37-1 is **GRANTED**. Doc. 37; *see also, e.g.*, Fed. R. Civ. P. 26(b), (d). By approving the parties' request, the Court and its

authorized personnel are not parties to the agreement and are not bound by its terms. Additionally, nothing in the parties' agreement shall alter any parties' obligation to comply with the applicable rules, including the Court's standard procedures, should a discovery dispute arise that requires the Court's involvement.

The parties have also filed a proposed order. *See* doc. 37-2 ("Consent Order"). A review of the Consent Order reveals, however, that in addition to the Court's approval of the parties' agreed-upon limited discovery plan, they also ask the Court to "defer ruling on the Defendants' Second Motion to Dismiss during the requested limited discovery period" of 120 days. *See* doc. 37-2 at 2. The proposed Consent Order affords Plaintiffs "fourteen (14) days following the end of the limited discovery period to respond to Defendants' Second Motion to Dismiss and/or seek leave to amend their First Amended Complaint, but as to Counts II and III, only[.]" *Id.* Therefore, the proposed order asks the Court to approve a 120-day extension of time for Plaintiffs to respond, without having requested that relief expressly in the Motion. *See generally* doc. 37.

Extensions of time are permitted under the Federal Rules, but they require a showing of "good cause." *See* Fed. R. Civ. P. 6(b)(1). The parties'

submission does not reference this standard, because the motion itself is silent as to the requested extension. *See* doc. 37. Given the parties' good faith efforts to work together, the Court might infer "good cause" from their proposed limited discovery plan. However, because the District Judge referred to the undersigned a motion that was, on its face, merely a request to "conduct limited discovery," *see* doc. 37, so drastically altering the timeline for the disposition of the Motion to Dismiss, which remains pending before the District Judge, would be inappropriate absent an express referral. Therefore, at this time, the Court takes no further action on the implicit request contained in the proposed order. However, to afford the parties an opportunity to properly move for the requested extension, Plaintiffs' deadline to respond to the Defendants' partial Motion to Dismiss is **STAYED**, *nunc pro tunc*, from July 13, 2023, until August 18, 2023.

**SO ORDERED**, this 7th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA