# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| THE ESTATE OF WILLIAM ZACKARY HARVEY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV423-064 |
| ROY W. MINTER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

The Court previously granted the parties through December 5, 2023, to conduct agreed-upon limited discovery, and extended Plaintiffs' deadline to respond to Defendants' Partial Motion to Dismiss, doc. 33, to December 19, 2023.  Doc. 45 at 2-3.  The parties contemplated that, instead of responding to the Partial Motion to Dismiss, Plaintiffs might seek leave to amend Counts II and III of the First Amended Complaint.  *Id.* at 2 (citing doc. 44 at 2-3).  On December 19, 2023, Plaintiffs filed their Second Amended Complaint as to Counts II and III.  Doc. 52.  Defendants moved to strike it, doc. 59,[1] arguing Plaintiffs failed to obtain Defendants' consent or leave of court before filing the amended pleading.  Doc. 59-1

---

[1] They also moved, in the alternative, to dismiss Plaintiffs' claims.  Doc. 59.

at 7.  Plaintiffs then filed an unopposed motion for leave to file their Second Amended Complaint, *nunc pro tunc* to December 19, 2023.  Doc. 60.  The Court held a status conference with the parties, during which all parties agreed that affording Plaintiffs an opportunity to file a comprehensive Second Amended Complaint would streamline this case and render the pending motions moot.  *See* doc. 65 (Minute Entry).

Since Plaintiffs' time for amending the complaint as a matter of course has expired, the proposed amendment requires leave of court or all other parties' written consent.  *See* Fed. R. Civ. P. 15(a)(1)-(2).  Because the Second Amended Complaint filed on December 19, 2023, was filed without either, the Court is empowered to strike it from the record.  Fed. R. Civ. P. 12(f)(1); *Menudo Int'l, LLC v. In Miami Prod., LLC*, 2018 WL 8311324, at *2 (S.D. Fla. May 21, 2018) (quoting *Regions Bank v. Commonwealth Land Title Ins. Co.*, 2012 WL 5410948, at *2 (S.D. Fla. Nov. 6, 2012) (internal quotations omitted); *see also Rogers v. Hartford Life & Accident Ins. Co.*, 2012 WL 2395194, at *1 n. 1 (S.D. Ala. June 22, 2012) ("There is no doubt that striking an improper amended pleading filed without leave of court is appropriate and necessary to enforce Rule 15(a)(2).").  Therefore, the Clerk is **DIRECTED** to **STRIKE** the Second

Amended Complaint, doc. 52, from the docket. However, now with the Court's leave, Plaintiffs are entitled to renew their filing, subject to the directions below.

Rule 15(a) directs the court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts are given "extensive discretion" in determining whether to allow an amended pleading. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). In exercising its discretion, a court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Seiger by and through Seiger v. Philipp*, 735 F. App'x 635, 637 (11th Cir. 2018) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (internal quotations omitted)). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

The Court finds no substantial reason to deny Plaintiffs leave to amend their Complaint. No party opposes the motion, so there is no indication that any party will suffer prejudice from the amendment. Therefore, the Unopposed Motion for Leave to File Second Amended Complaint is **GRANTED**. Doc. 60. Plaintiffs are **DIRECTED** to file a comprehensive Second Amended Complaint within 7 days of the date of this Order. To avoid any confusion about what claims are asserted against which defendants, this new Second Amended Complaint must be complete in itself; it must serve as a stand-alone pleading. It may not serve as a mere supplement to prior versions of the Complaint. Once filed, the Second Amended Complaint will be the operative pleading and will supersede all others. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 647 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.").

During the status conference, doc. 65, Defendants conceded that the forthcoming Second Amended Complaint would render their Motion to Dismiss Plaintiffs' First Amended Complaint, In Part, doc. 33, and their Motion to Strike Plaintiffs' Second Amended Complaint, or alternatively, to Dismiss Plaintiffs' Claims Under 42 U.S.C. § 1983, doc. 59, moot. Given that express acknowledgement, the Clerk is **DIRECTED** to **TERMINATE** those two motions.  Docs. 33, 59.  Defendants may renew any remaining arguments, if desired, in response to Plaintiffs' forthcoming Second Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(3).

**SO ORDERED**, this 6th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA